IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                                  CASE No.     18-20474-RAM

GERARDO NARDO                                                              Chapter 13

               DEBTOR.
_____/

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

     Secured Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1 (the "Secured Creditor") objects to confirmation of the Chapter 13 Plan (Doc. 18) (the "Plan") of the Debtor, Gerardo Nardo (the "Debtor"), and provides the following in support thereof:

     1.    Secured Creditor's claim is secured only by a first mortgage security interest encumbering real property located at 223 NW 136th Pl, Miami, FL 33182 (the "Property"), which is the Debtor's principal residence and is protected from modification pursuant to 11 U.S.C. § 1322(b)(2). Debtor claimed the collateral as exempt homestead property on Schedule C. Secured Creditor's Proof of Claim No. 1-2 was filed timely on October 15, 2018.

     2.    **The Plan understates pre-petition arrearage and amount of current payments.** The amount of the current monthly mortgage installments is $2,186.54 per Proof of Claim No. 1-2 of which the Plan only provides to pay $1,515.38, resulting in a deficit of $671.16 per month. The pre-petition arrearage balance is $125,994.41 per Proof of Claim No. 1-2 of which the Plan omits to pay entirely. Accordingly, the value of property to be distributed to the Secured Creditor under the Plan is less than the allowed amount of its claim in violation of 11 U.S.C. §§ 1322(b)(2) and 1325. A Plan which does not accomplish payment of pre-petition arrearages in full does not result in a discharge in bankruptcy of

the unpaid pre-petition arrearages under the holding of *In re: Carmen Bateman, Universal American Mortgage Company v. Bateman*, 331 F.3d 821 (11th Cir. 2003):

> We hold that although the parties are bound to the terms of the Plan, as confirmed, Universal's secured claim for arrearage survives the Plan and it retains its rights under the mortgage until Universal's claim is satisfied in full. If that satisfaction is not forthcoming, after the automatic stay is lifted, Universal will be entitled to act in accordance with the rights as provided in the mortgage to satisfy its claim. *Bateman, supra.*, at 834.

Therefore, it is in the Debtor's interest as well as their obligation to pay the full amount of the arrearage through the Plan to avoid a foreclosure for these amounts at the conclusion of the Plan.

3. **Debtor lacks disposable income to fund plan.** Schedule J Line 23(c) states that Debtor's monthly net income is $2,294.33, which monthly disposable income is insufficient to pay the current monthly mortgage installment payments of $2,186.54, and leaves no disposable income to pay any amounts on the $125,994.41 arrearage, or the Trustee's fees and other items. Confirmation of the Chapter 13 Plan should be denied pursuant to 11 U.S.C. § 1325(a)(6) because Debtor will not be able to make all payments under the plan or to comply with the plan.

4. **Plan proposes mortgage modification mediation ("MMM") but the Debtor has failed to file a Motion for MMM to date**. Pursuant to Local Rules, the MMM Process must be initiated by an Order of the Court, which grants a Motion directing parties to MMM. It is insufficient to initiate MMM by proposing MMM in the Plan. To date, the Debtor has failed to file any Motion for MMM, and thus, the Plan is not feasible because it proposes MMM but is not accompanied by the requisite Order.

5. **Plan uses incorrect commitment period.** The Plan provides for a 60 month commitment period, but Line 21 of Debtor's Form 122C-1 Statement of Current Monthly Income (Doc. 16) requires a 36 month commitment period pursuant to 11 U.S.C. § 1322(d)(2) and § 1325(b)(4).

Our Case #: 17-001730-Obj\18-20474-RAM\FAY

6.	Secured creditor is entitled to attorneys' fees pursuant to 11 U.S.C. § 1322(e) which fees should be added to the balance due on the Note and Mortgage pursuant to the terms of those documents, but attorneys' fees should not be a personal obligation of the Debtor.

WHEREFORE, Secured Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1, repectfully requests that this Honorable Court enter an Order denying Confirmation of Debtor's Chapter 13 Plan and dismissing the Chapter 13 bankruptcy with prejudice, together with fees as set forth in Paragraph 6 above.

**Tromberg Law Group, P.A.**

**BY:** /s/ April Hosford Stone
Attorney for Secured Creditor
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
Telephone #: 561-338-4101
Fax #: 561-338-4077
FBN 0091388
ecf@tromberglawgroup.com
astone@tromberglawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2018, I electronically filed the foregoing with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants listed below:

Ricardo Corona, Esq.
3899 NW 7 St, Second Floor
Miami, FL 33126
bk@coronapa.com

U.S. Trustee Southern District of Florida
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

Nancy K. Neidich
POB 279806
Miramar, FL 33027
ecf2@ch13herkert.com

On November 1, 2018, a true and correct copy was mailed to the non-CM/ECF participants listed below:

Gerardo Nardo
223 NW 136 PL
Miami, FL 33182

Our Case #: 17-001730-Obj\18-20474-RAM\FAY

      I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                                  **Tromberg Law Group, P.A.**

                                                  **BY:** /s/ April Hosford Stone
                                                  Attorney for Secured Creditor
                                                  1515 South Federal Highway, Suite 100
                                                  Boca Raton, FL 33432
                                                  Telephone #: 561-338-4101
                                                  Fax #: 561-338-4077
                                                  FBN 0091388
                                                  ecf@tromberglawgroup.com
                                                  astone@tromberglawgroup.com